UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVE MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:11-CV-434 (CEJ) |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Steve Martin for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent has filed a response in opposition, and the issues are fully briefed.

### I.     Procedural Background

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of Pemiscot County, Missouri. On January 3, 2007, following a jury trial, petitioner was convicted of robbery in the first degree and armed criminal action. Resp. Ex. B at 249. On March 6, 2007, he was sentenced to a 25-year term of imprisonment for robbery in the first degree and a five-year term of imprisonment for armed criminal action. Resp. Ex. B at 258. The sentences run consecutively. Id.

On July 18, 2008, the Missouri Court of Appeals affirmed the conviction and the sentence in an unpublished order. Resp. Ex. G. On October 16, 2008, petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Resp. Ex. H at 3-13. Counsel was appointed and filed an amended motion for post-conviction relief on February 13, 2009. Resp. Ex. H at 14-27. The Missouri Circuit Court denied the motion on May 28, 2009. Resp. Ex. H at 28. On June 8, 2010, the Missouri Court of Appeals affirmed. Resp. Ex. K.

In the instant §2254 petition, petitioner asserts four grounds for relief: (1) that the trial court erred in admitting a bank security videotape into evidence; (2) that trial counsel was ineffective, in that counsel failed to file a motion to suppress: (i) the bank security videotape, (ii) petitioner's statements to the police, and (iii) a motel receipt; (3) that trial counsel was ineffective for failing to object to the prosecutor's statement during closing argument that petitioner had taken "taxpayers' money;" and (4) that he is actually innocent.

II.     **Factual Background**

On the morning of May 22, 2002, three masked men robbed the First State Community Bank in Malden, Missouri. One of the men was armed with a gun. The men ordered everyone inside the bank to "get down," emptied the cash drawers, and left in a vehicle traveling north. Tyrone Amos, the getaway car driver, identified two of the bank robbers as petitioner and petitioner's brother. Amos testified that, after the robbery, he drove the men to a motel in Dyersburg, Tennessee, where they rented a room and divided the stolen money. Afterward, they drove to Memphis, where Amos left petitioner and petitioner's brother at a gas station.

On March 1, 2005, Sergeant Mills and Sergeant Cooper, criminal investigators with the Missouri State Highway Patrol, drove to Memphis to interview petitioner. The officers testified that they advised petitioner of his <u>Miranda</u> rights. Although petitioner initially denied any involvement in the robbery, he later admitted to the officers that he, his brother, and a man named Melvin, robbed the First State Community Bank, and that Amos drove the getaway car.

III.            **Legal Standard**

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively

3

unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

IV. **Discussion**

A. **Ground One**

Petitioner contends that the trial court erred in admitting a videotape recording of the robbery. The videotape was first disclosed to defense counsel the day before trial. Resp. Ex. B at 181-82. At trial, defense counsel's objection to the admission of the tape into evidence was overruled. Id.

Petitioner argues that this ruling was a violation of state law and an abuse of the trial court's discretion. Such claims are not cognizable on federal habeas review. E.g., Wilson v. Corcoran, 131 S.Ct. 13, 16 (2010). Amid his discussion of state law, petitioner also suggests that his right to due process and a fundamentally fair trial was violated by trial court's ruling. For an evidentiary ruling to result in a denial of due process, the ruling must be "so 'gross,' 'conspicuously prejudicial,' or otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process." Wood v. Lockhart, 809 F.2d 457, 460 (8th Cir. 1987) (internal citations omitted). The Missouri Court of Appeals found that the admission of the tape did not result in unfairness. Resp. Ex. G. After reviewing the record, this Court agrees that the admission of the tape did not compromise petitioner's right to a fair trial, as the other evidence of petitioner's guilt was overwhelming -- petitioner confessed to his participation in the robbery, and an accomplice identified him as a participant.

Finally, to the extent that petitioner asserts a due process violation under Brady v. Maryland, 373 U.S. 83 (1963), the Eighth Circuit has held that Brady materials furnished during trial can be timely. U.S. v. Almendares, 397 F.3d 653, 664 (8th Cir.

4

2005) ("Under the rule in our circuit, Brady does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial.").

Accordingly, ground one will be denied.

### B. Ground Two

Petitioner asserts that his trial counsel was ineffective for failing to file motions to "suppress:" (i) the videotape from a bank security camera; (ii) statements petitioner made during the police interrogation; and (iii) a motel receipt. Respondent suggests that these claims are procedurally defaulted. Because petitioner's claims are clearly unavailing on the merits, the Court will not address the issue of procedural default. See Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004) (allowing federal habeas courts to bypass a procedural default issue and proceed to the merits when relief is denied).

In order to state a claim of ineffective assistance of trial counsel, petitioner must meet the Strickland standard: petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below that of a reasonably competent attorney. Id. To establish prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner first argues that counsel was ineffective for failing to file a motion to "suppress" the video footage from the bank security camera. As discussed previously, counsel became aware of the tape the day prior to trial, and did object to the admission of the tape. That objection was without merit, and overruled. To the extent

5

that petitioner argues counsel was ineffective in failing to obtain the videotape in advance, there is no reasonable probability that additional time to prepare for the video evidence would have changed the outcome of the trial. The evidence against petitioner, including Amos' testimony and the officers' testimony of petitioner's confession, was strong.

Next, petitioner argues that counsel was ineffective for failing to question the officers about the fact that petitioner's confession was not audiotaped, videotaped, or written. However, counsel *did* pursue this line of questioning when cross-examining the officers, and emphasized in closing argument that there was no memorialization of petitioner's confession. Resp. Ex. B. at 194-195; 242. Petitioner contends that counsel was ineffective for failing to raise the argument that the due process clause requires custodial interrogations to be recorded. Such an objection would not have succeeded - petitioner admits that Missouri courts and the United States Supreme Court have never held that audio or video recording an interview is mandatory. Finally, to the extent that petitioner suggests counsel should have moved to suppress the confession as involuntary, the evidence presented by the officers was sufficient to establish that the confession was voluntary, and petitioner has failed to identify evidence that might have contradicted that testimony.

Lastly, petitioner contends that counsel should have moved to "suppress" the receipt for a motel room at the Days Inn in Dyersburg, Tennessee, issued to petitioner on the day of the robbery. The motel receipt from was admitted into evidence as a business record. The prosecution stipulated that no one at the motel would be able to identify petitioner. Resp. Ex. B. at 181-182. Petitioner argues that counsel should have introduced evidence that Amos stole petitioner's identification card and checked into the motel room under petitioner's name. However, petitioner has not pointed to

any evidence to support such a theory, and his confession to the police specifically mentioned his presence at the motel. Resp. Ex. B at 189. Accordingly, the Court cannot conclude that trial counsel's decision not to pursue this theory was unreasonable.

Accordingly, petitioner is not entitled to relief on this ground.

### C. Ground Three

Petitioner asserts that his counsel was ineffective for failing to object when the prosecutor stated that petitioner stole "tax payers' money." During the State's rebuttal closing argument, the prosecutor argued that petitioner "terrorized those three women, back there, took thousands of dollars of depositors' money, of tax payers' money, because the FDIC has to make good for that…." Resp. Ex. B at 246. Petitioner argues that this statement was irrelevant, inflammatory, and objectionable personalization. The post-conviction motion court concluded that the statement was innocuous, and petitioner could not establish prejudice. Resp. Ex. H at 45-46. The Missouri Court of Appeals affirmed. Resp. Ex. K at 5-6.

Federal habeas review of a <u>Strickland</u> claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether the determination was unreasonable - a substantially higher threshold. And because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009) (internal quotations and citations omitted). The state court's determination under the <u>Strickland</u> standard was not unreasonable. Petitioner admitted to participating in the robbery. This admission was corroborated by Amos' testimony, and a motel receipt. In light of this evidence, there was no reasonable

probability that, in the absence of the prosecutor's comments regarding "tax payers' money," the jury would have rendered a different verdict. Relief on this ground will be denied.

D.  Ground Four

Petitioner asserts that the combination of his claims show that he is actually innocent. However, actual innocence is not an independent and freestanding claim. See Burton v. Dormire, 295 F.3d 839, 848 (8th Cir. 2002). Rather, it is a gateway to the review of otherwise procedurally defaulted claims. See Schlup v. Delo, 513 U.S. 298, 315 (1995). To the extent that petitioner seeks to utilize "actual innocence" as a gateway to review defaulted claims, the court has already addressed petitioner's claims on the merits. Thus, the issue of actual innocence is moot.

V.  Conclusion

For the reasons discussed above, the Court concludes that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to make a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2013.